Opinion of the Court, delivered by
Hoknblowek, C. J.
The counsel for defendant has taken some preliminary objections. First, That the documents sent up to this court, are only copies and not the record itself.
It is true, the Clerk of the Common Pleas has added, at the *197 foot of the papers annexed to the writ, a certificate, that they are “ true copies &c.” but the court by a return, regularly made on the writ, have certified to us, that they have therewith sent the record and proceedings, as the same remained before them, as by the said writ they were commanded &c. The record itself (in general) is never sent up with a Certiorari or writ of error ; but only the tenor, or a transcript; and that is regarded, as the record. Nicholls v. The State, 2 South. 539, 542; in The State v. The Morris Canal Co. 2 Green’s R. 411, 430, the writ had been sent to and returned by persons, who had not, either in fact or law, the custody of the records ; but their return and schedule showed that they had procured and sent up, copies obtained by them from the diiferent clerks, with whom the several records remained. The court could not therefore, receive and act upon them as the records, by legal intendment: for they were not sent up as such, by persons having the custody of the records. And when the writ is improperly directed, nothing is returned by it. 1 Baa. Abr. 592, Tit. Cert. J. In the case now before us, the return of the court, fully warrants the legal intendment, that the record is here.
Secondly, That the Certiorari ought to have been sued out, by all the creditors named in the defendant’s schedule; and if any were not willing to unite in the suit, those who were, should have proceeded by summons and severance, or by rule &c.
In support of this objection, it was urged, and not without some plausibility, that if every creditor, or any number of them, may at once, or in succession, sue out separate writs, it will be very oppressive to insolvents, and subject them to the necessity of appearing in this court to support their discharge upon every new Certiorari, however repeatedly, upon former writs the proceedings below may have been affirmed. But there is more of groundless apprehension than of real danger, in the difficulty suggested. It has been the uniform practice of the court, ever since our Insolvent Laws have existed, to allow, and entertain these writs, at the suit of individual creditors; and no such exception has hitherto been taken ; nor has any such inconvenience or oppression, resulted, as the argument anticipates. Besides, the writ of Certiorari is under the control of the court, and the exercise of a sound discretion, would always prevent such an *198 abuse of it, if attempted: whereas, the rule contended for, would in many cases amount to a denial of the remedy. In this very case, there are two or three hundred creditors, on the schedule, and which of them would undertake, however erroneous the proceedings below, to have them reviewed here if he must sue in all their names, and then legalize his proceedings by summons and severance; or by serving on each of them, a rule to show cause &c. Again, the creditors of an insolvent, are not like co-defendants in a suit at law; they have no joint interest; they are, to the amount of their respective claims, separately and individually interested; and upon general principles, would have no right to unite in one action or proceeding at law against their debtor. Yet, where two or more creditors, unite in opposing the debtor’s discharge, under the sixth and seventh sections of the act, Elm. Dig. 251, 252, they thenceforth, by force of the statute, become joint actors, and may hot only proceed jointly, under the statute, but jointly sue out a Certiorari to review those proceedings. I do not say, that any two or more creditors, may not in any case, unite in prosecuting a Certiorari to bring up an Insolvent’s discharge. I see no serious objection to such a proceeding: but that is not now the question. It is sufficient for the present, to say, that the plaintiffs in this case, may prosecute this writ, without making all the other creditors parties thereto.
These preliminary objections being obviated, our attention must be directed to the errors assigned. Two only, will be noticed First, that the bond, given by the defendant to the officer, was not such as the act requires.
The first seetion of the act, Elm. Dig. 257, directs, that the bond shall be conditioned, that the debtor will appear before the next court of Common Pleas to be holden &c. and petition said court for the benefit of the Insolvent laws of this State, and that he will “ in all things comply with the requirements of the said Insolvent laws.” In this bond, these words, “ in all things comply with the requirements of the said insolvent laws,” are omitted. The condition is only, that he will apply at the next court, and appear in person at any subsequent court, until he shall obtain his discharge. A compliance with this condition only required, that he should apply at the next court, and then attend in person at every subsequent court. He might neglect every *199 duty required of him by the aet, and yet so long as he continued to attend in person, the bond would be unbroken. He has not given bond with such condition as the law requires, and was not, therefore, entitled to apply for the benefit of the Insolvent laws, under the provisions of that act.
Secondly, The security in the bond, was examined as a .witness for the insolvent, to prove matters material to be proved, in order to entitle him to a discharge.
The security in the bond, was manifestly an incompetent witness. He was directly interested in establishing every thing necessary to entitle the debtor to a discharge, and thereby exonerating himself from his own liability. In fact he was proving the performance of his own bond. For these reasons, if there were no others, the discharge must be set aside and vacated.

Discharge set aside.

Cited in Hamilton v. Chevallier, 3 Harr. 435.